IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGIO ZARAZUA,

    Petitioner,                  2:12-cv-1500-JAM-EFB P

    vs.

RALPH DIAZ,

                                    FINDINGS AND RECOMMENDATIONS

    Respondent.

                               /

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that the petition contains unexhausted claims. ECF No. 13. Petitioner opposes the motion to dismiss and also seeks a stay of the proceedings. ECF Nos. 14, 19. For the following reasons, both motions should be denied.

**I.    Procedural History**

Petitioner was convicted of second degree murder, attempted voluntary manslaughter, and shooting at an occupied vehicle, with a gang enhancement. Docs. Lodged ISO Resp't's Mot. to Dism. ("Lodg. Doc.") 2. Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District ("Third District"). The Court of Appeal reversed petitioner's second degree murder and attempted voluntary manslaughter convictions and affirmed the conviction

1

for shooting at an occupied vehicle and the gang enhancement. *Id*. On remand, the district attorney elected not to retry petitioner on the second degree murder and attempted voluntary manslaughter counts. Petitioner was resentenced to 40 years to life for shooting at an occupied vehicle with a gang enhancement. *Id*. On March 15, 2010, petitioner appealed to the California Court of Appeal, which affirmed the sentence. Lodg. Docs. 1, 2. Petitioner filed a petition for review in the California Supreme Court, which was denied on April 20, 2011. Lodg. Doc. 4.

Petitioner filed his federal application on May 31, 2012. ECF No. 1. He claims that the trial court erred by failing to exercise its discretion in sentencing him. *Id*. at 19. He further claims that his trial counsel was ineffective for failing argue that mitigating factors warranted a reduced sentence.

## II. Exhaustion of State Remedies

Respondent moves to dismiss the petition, arguing that the petition contains unexhausted claims. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas

1  corpus must include reference to a specific federal constitutional guarantee, as well as a
2  statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to
3  exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting
4  claims under the United States Constitution").

5  In addition to identifying the federal basis of his claims in the state court, the petitioner
6  must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*,
7  541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he
8  petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts
9  necessary to give application to the constitutional principle upon which [the petitioner] relies.'"
10 *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d
11 750, 758 (9th Cir. 1958)).

12 Where a petition contains both unexhausted and exhausted claims, the petition must be
13 dismissed with leave to amend to allow the petitioner to file an amended petition stating only
14 exhausted claims (either by exhausting the previously unexhausted claims prior to filing the
15 amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455
16 U.S. 509, 520 (1982); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998);
17 *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

18 Respondent contends that petitioner's first claim for relief "is unexhausted insofar as it
19 asserts that the sentencing court committed federal constitutional error when it did not consider
20 mitigating factors." ECF No. 13 at 4. In the California Supreme Court, petitioner argued that the
21 trial court had the discretion to strike the gang enhancement and to reduce the sentence for
22 shooting at an occupied vehicle from a felony to a misdemeanor. Lodg. Doc. 3 at 8-10.
23 Petitioner argued that the trial court failed to reduce his sentence because it mistakenly believed
24 that it lacked the discretion to do so. *Id*. at 10-13. In addition to contending that this error
25 violated state law, petitioner also argued that "a court's misunderstanding of the legal rules
26 pertaining to sentencing discretion implicates due process rights under the Fifth and Fourteenth

3

Amendments to the United States Constitution. *Id*. at 11-12 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Citing to *Hicks v. Oklahoma*, 447 U.S. 343 (1980), petitioner further argued that the Due Process Clause entitled him to the correct application of state laws governing criminal proceedings. Petitioner claimed that trial court's failure to exercise its sentencing discretion violated his right to due process. *Id*. at 12.

In his federal application, petitioner argues that judges are authorized to consider mitigating circumstances prior to the sentencing a criminal defendant. ECF No. 1 at 18. Petitioner alleges that "under the Due Process Clause when the state ignores and/or completely disregards state law, and the prisoner/petitioner can show that he has a liberty interest in the fair and impartial application of said state law in dispute, federal habeas corpus relief may be granted." *Id*. (citing *Hicks v. Oklahoma*, 477 U.S. 343 (1980). He further claims that "the sentencing court ignored well settled law in sentencing Petitioner when the sentencing court either or should have known that Petitioner should have received a mitigated sentence when there was sufficient lack of aggravating factors to support an increased sentence." *Id*.

In both his petition for review and his federal application, petitioner claims that his right to due process was violated by the sentencing judge's failure to exercise its sentencing discretion. Respondent's dispute appears to be with the federal petition's allegations concerning mitigating factors. The federal petition discusses at length mitigating factors that should have been considered in reducing his sentence. However, the petition for review also discusses, albeit more briefly, mitigating factors that should have been considered. *See* Lodg. Doc. 3 at 17 (petitioner's case was "unique" and "tragic," petitioner had changed and matured since the time of the offences, and sentencing court could have considered "defendant's youth, the number of adult priors, the lack of prior prison terms, and the length of the prison sentence that the trial court is imposing and the 'nature and circumstances'" of the defendant's past and present conviction). Respondent's dispute focuses more on the form than the substance of petitioner's claims. It cannot be disputed that the petition for review, drafted by counsel, more directly and concisely

4

advances petitioner's federal due process claim. However, the federal application does not attempt to assert a separate challenge to the trial court's failure to exercise its discretion in sentencing petitioner. A fair reading of the federal petition reveals that petitioner raises the same claim for relief that he asserted in his petition for review: that the sentencing judge violated petitioner's right to due process by not lawfully exercising its sentencing discretion. Thus, the petitioner's first claim for relief is exhausted.

Next, respondent suggests that petitioner's second claim for relief is not fully exhausted. Respondent argues that "[t]o the extent that Petitioner is arguing the trial defense counsel should have informed the trial court that it had a federal constitutional duty to consider mitigating evidence, any such argument is unexhausted." ECF No. 13 at 7. Respondent contends that the petition for review filed with the California Supreme Court only challenged trial counsel's failure to inform the sentencing court of its sentencing discretion, and did not allege a federal constitutional duty to consider mitigating evidence. *Id*.

The petition for review includes the argument that his trial counsel was ineffective for failing to notify the sentencing court that it had discretion in sentencing petitioner. Lodg. Doc. 3 at 13-20. In asserting this claim, petitioner relied on the United States Supreme Court's holding in *Strickland v. Washington* 466 U.S. 688 (1984). *See* Lodg. Doc 3 at 13. In that case, the Supreme Court articulated the standard for assessing whether counsel rendered unconstitutionally deficient representation. *Strickland* 466 U.S. at 687. Thus, petitioner sufficiently notified the California Supreme Court that his ineffective assistance of counsel claim was brought under federal law.

Furthermore, the ineffective assistance of counsel alleged in the federal petition challenges trial counsel's failure to notify the court that it had discretion, which is the same claim alleged in his petition for review file with the state supreme court. Petitioner claims that defense counsel was under an obligation to have knowledge of the sentencing choices and to ensure that the sentencing court is aware of alternative sentences. ECF No. 1 at 32-33. He specifically

argues that "it would appear by certain statements made by the sentencing court, that it is reasonable to believe that the court did not think that it had the discretion to impose a lesser/reduced sentence, so the assistance of counsel to guide and/or assist the court in rendering a just sentencing choice . . . was even more important to petitioner." Although petitioner again makes references to mitigating factors, it is clear that his second claim specifically challenges trial counsel's failure to notify the sentencing court that it had discretion in sentencing him. Accordingly, the petitioner exhausted his second claim for relief.

Although presented slightly differently, the claims contained in the federal petition are substantially similar to the claims petitioner presented to the California Supreme Court in his petition for review. Since petitioner presented the substance of his two federal claims to the highest state court, he exhausted his two claims for relief. *See Miller v. Rowland*, 999 F.2d 389, 391 (9th Cir. 1993) ("A habeas petitioner may, however, reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented.").

**III.    Motion to Stay**

On March 2, 2013, petitioner requested the court stay this proceeding so he can return to state court to exhaust a new claim based on the United States Supreme Court's holding in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455.

There are two approaches for analyzing stay-and-abey motions – one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). *Kelly* provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly,* 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If a petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after

6

exhausting them in state court. *King*, 564 F.3d at 1138-39.  The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41.  Under that section, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82  (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40.  Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139.  In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.*

Petitioner, without specifically identifying his claim for relief, states that his motion for a stay is premised on the United States Supreme Court's decision in *Miller*.[1]  The court need not decide whether petitioner has established good cause for a stay under *Rhines* because the claim petitioner seeks to exhaust in state court has not been presented to this court.  As discussed above, the instant petition only contains two claims for relief, neither of which concern the Supreme Court's holding in *Miller*.  Thus, a stay under *Rhines* would provide no benefit to petitioner.

---

[1] In *Miller*, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders."  132 S.Ct. at 2469.

7

Furthermore, a stay under *Kelly* also appears to be inappropriate. It is unlikely that petitioner will be able to exhaust his *Miller* claim and timely add it to the petition. Petitioner's judgment became final on direct when the time for petitioning the United States Supreme Court for certiorari expired–90 days from the California Supreme Court's denial of review in his case– provided that petitioner did not seek certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). As the California Supreme Court denied review on April 20, 2011 (Lodg. Doc. 4), petitioner had until June 19, 2011, to seek review in the United States Supreme Court, which he apparently did not do. *See* ECF No. 1 at 3 (when asked if he filed a petition for certiorari in the United States Supreme Court, petitioner checked the "No" box). The one year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.2d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until June 19, 2012 to timely file his federal habeas claims.[2]

The June 19, 2012 deadline has passed. Therefore, even if the court were to grant a stay under *Kelly* and petitioner were to amend his petition after exhaustion to state the additional claim, that claim is time-barred unless it shares a "common core of operative facts with the claims in the pending petition" or tolling of the limitations period is warranted for some reason.[3] *King*, 564 F.3d at 1141 (internal quotation marks omitted). Petitioner has not provided sufficient information for the court to determine whether the claim he wishes to exhaust is timely, and therefore the court cannot determine whether a stay would be futile. Accordingly, it is

---

[2] Petitioner alleges in his motion for a stay that courts are giving *Miller* retroactive application. To the extent that petition is arguing for a later triggering date under 28 U.S.C. 2244(d)(1)(C), petitioner's claim may still be barred. That section provides that a petitioner has one year to file his federal claims from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. 2244(d)(1)(C). Even assuming that in *Miller* the Supreme Court recognized a new right that is retroactively applicable, that case was decided more than a year ago. Absent tolling or a showing that the claim petitioner wishes to add relates back to the two claims pending before the court, petitioner's *Miller* claim is barred by the statute of limitations. *King*, 564 F.3d at 1141

[3] It appears that petitioner did not file any state habeas petitions and therefore is not entitled to statutory tolling. *See* ECF No. 1 at 3; 28 U.S.C. 2244(d)(2).

recommended that the court decline to exercise its discretion to stay the petition under the *Kelly*.

## IV. Conclusion

For the reasons stated above, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be denied;

2. Petitioner's motion for a stay (ECF No. 19) be denied without prejudice; and

3. Respondent be directed to file an answer to the petition within 30 days of an order adopted these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 26, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE